UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
MANUEL MOSES As Administrator D.B.N. of the
Goods, Chattels, and Credits Which Were of Zoran
Teodorovic Deceased,

      Plaintiff,

  -against-

WESTCHESTER COUNTY DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.
------------------------------------- X



MEMORANDUM DECISION
AND ORDER
10 CV 9468 (GBD) (RLE)

GEORGE B. DANIELS, District Judge:

  In December 2010, Plaintiff Manuel Moses, as executor of the Estate of Zoran Teodorovic, brought this action pursuant to 42 U.S.C. § 1983 and related state law claims, against Westchester County, the Westchester Department of Corrections and Paul M. Cote alleging violations of the deceased's civil rights as a result of a beating in which Mr. Cote, a corrections officer, kicked and stomped on Mr. Teodorovic's head, causing injuries that eventually led to his death in December 2001. Defendants moved to dismiss the complaint on the grounds that (i) Plaintiff failed to to file the action within the statute of limitations pursuant to Fed. R. Civ. P. 12(b)(6) and (ii) Plaintiff's state law claims are barred for failure to file a timely notice of claim under New York General Municipal Law §§ 50-e and 50-i.

  This court referred the case to Magistrate Judge Ronald L. Ellis for his Report and Recommendation. Magistrate Judge Ellis recommended that Defendants' motion to dismiss be denied with respect to Plaintiff's § 1983 claims and granted with respect to Plaintiff's state law claims. ECF No. 16. Defendants filed Objections to the Recommendation of Magistrate Judge

Ronald Ellis. ECF No. 17. Plaintiff filed Exceptions and Opposition to Defendants' Objections. ECF No. 18. This Court adopts Magistrate Judge Ellis's Report in its entirety.

The Court may accept, reject, or modify, the findings set forth in the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made and need not conduct a de novo hearing on the matter Id.; See United States v. Raddatz, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)).

The standard for a motion to dismiss is provided in rule 12 (b)(6). It provides that the court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," considering factual allegations that make the claims plausible. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002); Iqbal v Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007).

## I. CLAIMS UNDER 42 U.S.C. § 1983

Magistrate Judge Ellis recommended that this Court deny Defendants' motion to dismiss Plaintiff's federal civil rights claim for failure to file a timely complaint pursuant to Fed. R. Civ. P. 12(b)(6). Magistrate Judge Ellis found that (i) extraordinary circumstances justify equitable tolling in this case and (ii) the deceased's family exercised reasonable diligence in pursuing this action throughout the period they seek to toll. Defendants objected on the grounds that any extraordinary circumstances that prevented the estate from filing a Section 1983 action were resolved once administrators for the estate of the deceased were appointed. Furthermore,

Defendants argue that the deceased's family failed to exercise the required level of diligence after their application to file a late notice of claim was denied in 2006. In response, Plaintiff asserts that the deceased's mother, who lives in Sweden, acted with reasonable diligence to find an attorney to represent the estate. However, once the application to file a late notice of claim was denied, the attorney withdrew from the case and the deceased's mother, despite her diligent efforts, encountered difficulty in finding a replacement attorney. In addition, the former administrators of the estate had to be removed from the case shortly after the application to file a late notice of claim was denied, further exacerbating the delays related to pursuing this action.

As Magistrate Judge Ellis acknowledges, "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland v. Florida, 560 U.S. __, 130 S.Ct. 2549, 2565 (2010). The cases cited by Defendants in their Objections are inapposite and none contain the extraordinary set of circumstances present in this case. Plaintiff and the deceased's family acted with reasonable diligence throughout the time sought to be tolled, given the difficulties and delays they encountered in attempting to find and coordinate effective representation across three countries and with a language barrier. This court accepts Magistrate Judge Ellis's recommendation and DENIES Plaintiff's motion to dismiss with respect to the section 1983 claims.

## II.    II. STATE LAW CLAIMS

Magistrate Judge Ellis recommended that Defendants' motion to dismiss Plaintiff's state law claims be granted for failure to file a timely complaint pursuant to New York General Municipal Law §§ 50-e and 50-i. Plaintiff argues that even if the estate failed to file a timely notice of claim, this court should not dismiss the state law claims because the court has supplemental jurisdiction over them pursuant to 28 U.S.C. §1367 (a).

This Court's supplemental jurisdiction does not supersede New York's notice of claim requirement. Francis v. Elmsford Sch. Dist., 04 CIV. 2687 (HB), 2004 WL 1769980 (S.D.N.Y. Aug. 5, 2004). "'Failure to file a notice of claim against a governmental subdivision for acts arising out of the state civil rights laws is 'fatal.'" Falchenberg v. New York City Dep't of Educ., 375 F. Supp. 2d 344, 350 (S.D.N.Y. 2005), citing, Marrero v. City of New York, 02 CIV. 6634(DLC), 2004 WL 444548 (S.D.N.Y. Mar. 10, 2004); O'Leary v. City of New York, 11-CV-1578 WFK RML, 2013 WL 1482733 (E.D.N.Y. Apr. 11, 2013); Hardy v. N.Y.C. Health & Hosp. Corp., 164 F.3d 789, 793–94 (2d Cir.1999). Plaintiff's 2006 application to file a late notice of claim was denied by the state court. "'[F]ederal courts entertaining state-law claims against ... municipalities are obligated to apply the [state] notice-of-claim provision.'" O'Leary at 5, citing Felder v. Casey, 487 U.S. 131, 151 (1988). This court accepts Magistrate Judge Ellis's recommendation and GRANTS Defendants' motion to dismiss Plaintiff's state law claims.

## CONCLUSION

Defendants' Motion to Dismiss is DENIED with respect to Plaintiff's §1983 claims and GRANTED with respect to Plaintiff's state law claims.

Dated: New York, New York
June 12, 2013

SO ORDERED:

*[signature]*

GEORGE B. DANIELS
United States District Judge