```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MANUEL MOSES as Administrator D.B.N.          :
of the Goods, Chattels, and Credits Which     :
Were of Zoran Teodorovic, Deceased,           :
                                              :
                    Plaintiff,                :
                                              :
           - against -                        :
                                              :
WESTCHESTER COUNTY DEPARTMENT                 :
OF CORRECTION, WESTCHESTER COUNTY,            :
and PAUL M. COTE,                             :
                                              :
                    Defendants.               :
-----------------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 3/31/14


**OPINION AND ORDER**

10-CV-9468 (ER) (RLE)

Ramos, D.J.:

Plaintiff Manuel Moses ("Plaintiff"), as executor of the estate of Zoran Teodorovic, initiated the instant action against Westchester County, the Westchester County Department of Correction (together, the "County Defendants"), and Paul M. Cote on December 21, 2010. Doc. 1. Plaintiff's claims, brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), allege that Cote, a corrections officer, violated the deceased's federal constitutional rights.[1]  Specifically, Plaintiff alleges that Cote severely beat Teodorovic in October 2000 while Teodorovic was incarcerated, inflicting injuries that led to his death in December 2001.

Following the assault, the Federal Bureau of Investigation ("FBI") began an investigation into Cote's actions. *See* Doc. 16 ("Report"), at 2. That investigation continued until 2005 and resulted in Cote being indicted for violating 18 U.S.C. § 242, the criminal counterpart to Section 1983. *See id.* at 2-3. A jury convicted Cote, but the district judge overturned the conviction. *See*

---

[1] Plaintiff also brought claims under New York State law. These state law claims were dismissed and are not at issue in the present motion.

*id.* at 3.  The Second Circuit reversed that decision and upheld the conviction.  *See United States v. Cote*, 544 F.3d 88 (2d Cir. 2008).

Teodorovic's only family lived outside the United States (Teodorovic had a sister living in Serbia while his mother and other siblings were in Sweden), and they were only apprised of his death years later, at the beginning of 2006, when the FBI was able to track some of them down.  *See* Report at 3.[2]  His mother retained counsel, but those attorneys later withdrew from the case.  *See* Doc. 19 ("Decision"), at 3.  She had difficulty securing substitute counsel, in part due to language barriers and distance from the United States.  *See id.*; Report at 9.  Once retained, the new attorney, Plaintiff in this action, had to navigate a lengthy process of revoking the original letters of administration and getting appointed as administrator.  *See* Report at 9.

After Plaintiff eventually filed suit, County Defendants moved to dismiss the claims as time-barred, and the motion was referred to Magistrate Judge Ronald L. Ellis.  Docs. 3, 6.  In his Report and Recommendation, Judge Ellis recommended that the motion to dismiss the federal claims be denied on equitable tolling grounds.[3]  *See* Report.  Judge Ellis indicated that the totality of the circumstances, including Teodorovic's mother's distance from the events that gave rise to the claim, her lack of English comprehension, and her lack of knowledge of both the law and the facts of the case, influenced his determination that equitable tolling was appropriate.  *Id.* at 6.  Judge Ellis also relied on the fact that Teodorovic remained in a coma and was therefore mentally incapacitated from the time of his injury until his death.  *Id.*  Thus, he found that "the

---

[2] Teodorovic, who was mentally ill and homeless, had lost contact with his family prior to the incidents giving rise to this case.  *See* Report at 1, 3, 6.

[3] The Second Circuit has "applied equitable tolling only in 'rare and exceptional circumstances,' where [the court] found that 'extraordinary circumstances' prevented a party from timely performing a required act, and that the party 'acted with reasonable diligence throughout the period he [sought] to toll.'"  *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (second alteration in original) (quoting *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)).

transfer of knowledge was impeded by mental disease, death, distance, and language" and concluded that the failure to commence the action within the three-year limitations period was justifiable.  *Id.* at 6-7.

Judge Ellis outlined in detail the justifications for equitable tolling between 2006, when Teodorovic's family learned what had happened to him, and when Plaintiff filed suit in 2010. *See id.* at 8-10.  During the period from May 2006 to April 2007, one of the original attorneys attempted to file a late notice of claim.  *See id.* at 8.  That filing, which was denied, included a Section 1983 claim.  *See id.*  Since the family had raised the precise statutory claims now at issue, and merely did so in the wrong forum, Judge Ellis determined that the time during which the late notice of claim was being adjudicated should be tolled.  *See id.*  Once the request to submit a late notice of claim was denied, the family assumed that there was no other legal recourse.  *See id.*[4]  It was not until the Second Circuit upheld Cote's conviction that they began to suspect otherwise.  *See id.*  While noting that this type of mistake is usually insufficient to warrant equitable tolling, the Court nevertheless tolled this period (April 2007 to May 2009) because there was evidence that the family had continued to seek legal advice and a means of prosecuting their claim during the years in question.  *See id*. at 8-9.  Finally, the Court tolled the period from May 2009 to December 2010 because the geographic and language barriers had complicated the process of revoking the previous attorneys' letters of administration and obtaining new ones for Plaintiff.  *See id.* at 9-10.  Plaintiff filed suit one week after being appointed administrator.  *See id.* at 9.

---

[4] The original counsel withdrew from the case once the notice of claim was denied.  *See* Decision at 3.

Over County Defendants' objection, this Court, per the Hon. George B. Daniels, adopted the Report in its entirety. *See* Decision; Doc. 17 ("Objection"). The case was subsequently reassigned to the undersigned. Presently before the Court is County Defendants' motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Docs. 21, 23.[5] County Defendants ask that the Court certify the following issue: "whether the statute of limitations should have been equitably tolled in favor of an estate that had [by November 22, 2006] retained legal representation and secured letters of administration." Defs.' Mem. of Law in Supp. at 7.[6] For the reasons set forth below, County Defendants' motion is DENIED.

## I.     Legal Standard

Section 1292 of Title 28 of the United States Code grants district courts discretion to certify an issue for interlocutory appeal where the issue involves "a controlling question of law as to which there is substantial ground for difference of opinion and [where] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). Accordingly, section 1292(b) "must be strictly construed" and "only exceptional circumstances [will] justify a departure" from the final judgment rule. *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491

---

[5] Duplicative copies of the motion were filed. The documents are identical except that one omits the date of the accompanying legal memorandum. This Opinion therefore disposes of both motions.

[6] Elsewhere in their brief, County Defendants frame the issue slightly more narrowly, asking "whether or not equitable tolling is available to a decedent's estate seeking to assert a [Section] 1983 claim subsequent to the retention of counsel, the issuance of letters of administration *and the subsequent continuing representation by counsel throughout the entirety of the administration*." Defs.' Mem. of Law in Supp. at 8 (emphasis added). Given that the Court's decision to toll the statute of limitations was influenced by the fact that the initial lawyers did *not* remain involved for the duration of the case, the Court declines to certify this version of the question.

(S.D.N.Y. 2001) (alteration in original) (quoting *Colon ex rel. Molina v. BIC USA, Inc.*, No. 00 CIV. 3666 (SAS), 2001 WL 88230, at *1 (S.D.N.Y. Feb. 1, 2001)).

"Whether to certify a question for interlocutory appeal is trusted to the sound discretion of the district court," which may deny certification even if the statutory criteria are satisfied. *Republic of Colombia v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 9 (E.D.N.Y. 2007) (quoting *Morris v. Flaig*, 511 F. Supp. 2d 282 (E.D.N.Y. 2007)). Moreover, "the fact that district courts have the power to certify questions for interlocutory appeal in no way suggests that interlocutory appeal should be the norm." *Id.* at 10. Indeed, the Second Circuit has held that, although section 1292(b) was designed as a means of making interlocutory appeals available, "it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler*, 101 F.3d at 865. Accordingly, "[t]he Second Circuit has repeatedly emphasized that district courts must 'exercise great care in making a § 1292(b) certification.'" *Wausau Bus. Ins. Co.*, 151 F. Supp. 2d at 491-92 (quoting *Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992)).

**II.     Discussion**

    **A. The Issue Presented for Certification Does Not Constitute a Controlling Question of Law**

To warrant interlocutory appeal, the question presented must be a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Santiago v. Pinello*, 647 F. Supp. 2d 239, 243 (E.D.N.Y. 2009) (quoting *In re Worldcom, Inc.*, No. M-47 HB, 2003 WL 21498904, *10 (S.D.N.Y. June 30, 2003)) (internal quotation marks omitted). County Defendants claim that "[t]he applicability of the doctrine of equitable tolling to the instant circumstances presents a controlling question of law." Defs.' Mem. of Law in Supp.

at 8.  The Court disagrees and finds that the combination of facts in this case is so unique that it is not an appropriate case for interlocutory appeal.

Simply because there is a question of law involved does not mean that the Court should certify an appeal before a final judgment is rendered.  For example, in *Brown v. City of Oneonta*, 858 F. Supp. 340, 349 (N.D.N.Y. 1994), the court held that the decision to grant summary judgment was a legal issue that was "essentially fact based [sic] in nature," making interlocutory appeal inappropriate.  So too here, County Defendants frame the issue narrowly and disregard the fact-intensive nature of the Court's equitable tolling analysis.  Given that the Court's decision turned on a highly particularized set of facts, the Court of Appeals would need to undertake a thorough review of the record in order to rule on any appeal.[7]

Thus, County Defendants have failed to demonstrate that this case involves a controlling question of law.

### B.  There Are Not Substantial Grounds for Difference of Opinion

County Defendants also fail to demonstrate that there are substantial grounds for difference of opinion.  While no court in this Circuit has confronted a set of facts analogous to this case's "perfect storm" of "extraordinary circumstances," Report at 6, the fact that a case is one of first impression does not automatically mean that the "substantial grounds" requirement is satisfied.  *See S.E.C. v. Gruss*, No. 11 Civ. 2420, 2012 WL 3306166, at *3 (S.D.N.Y. Aug. 13, 2012) (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)); *Williston v. Eggleston*, 410 F. Supp. 2d 274, 277 (S.D.N.Y. 2006) ("Simply because a question of law has not been authoritatively

---

[7] Furthermore, it is highly unlikely that this fact-specific equitable tolling determination will have precedential value for a large number of cases.  County Defendants do not attempt to argue otherwise.  While not required, potential precedential value is another factor to which parties can point in order to show that an issue presents a controlling question of law.  *See In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 54-55 (S.D.N.Y. 1998).  That line of attack is foreclosed to County Defendants in this case.

addressed [by the Supreme Court or the Second Circuit] . . . does not make the question grounds for a substantial difference of opinion."); *Ralph Oldsmobile Inc. v. Gen. Motors Corp.*, No. 99 Civ. 4567 (AGS), 2001 WL 55729, at *4 (S.D.N.Y. Jan. 23, 2001).

"To determine whether 'the issue for appeal is truly one on which there is a *substantial* ground for dispute,' a district court must 'analyze the strength of the arguments in opposition to the challenged ruling.'" *Bilello v. JPMorgan Chase Ret. Plan*, 603 F. Supp. 2d 590, 593-94 (S.D.N.Y. 2009) (emphasis in original) (quoting *In re Flor*, 79 F.3d at 284). There must be "substantial doubt" about whether the initial decision was correct; that one party simply maintains that it was incorrect is not sufficient. *Ralph Oldsmobile Inc.*, 2001 WL 55729, at *3 (quoting *Moll v. U.S. Life Title Ins. Co. of N.Y.*, No. 85 CIV. 6866 (PKL), 1987 WL 10026, at *3 (S.D.N.Y. Apr. 21, 1987)).

County Defendants have failed to make the requisite showing in this regard. They argue that the Court erred in finding that Plaintiff and Teodorovic's family were reasonably diligent throughout the entire time period at issue, as the "extraordinary circumstances" that initially justified equitable tolling dissipated once the original co-administrators were appointed on November 22, 2006. *See* Defs.' Mem. of Law in Supp. at 5. However, the cases on which County Defendants rely to support their argument are inapposite. *See id.* at 5-6.[8] The Court

---

[8] County Defendants cite to *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135 (2d Cir. 2011), which is distinguishable on the grounds that, in that case, the law firm hired by the plaintiff simply failed to take *any* action during the limitations period (including undertaking efforts to determine what that limitations period was). The court expressly noted that "no extraordinary obstacle" had prevented the firm from acting diligently, *id.* at 145, and that the firm had "previously confronted factually similar circumstances and therefore had specific notice" of the relevant statute of limitations issue. *Id.* at 146. Additionally, County Defendants cite to *Harrison v. Harlem Hospital*, 364 F. App'x. 686, 688 (2d Cir. 2010), for the proposition that, in New York, filing a petition for letters of administration does not toll the statute of limitations. In the present case, however, as the Court has made clear, the "extraordinary circumstances" are numerous and significant. Indeed, Judge Ellis acknowledged that certain of the factors on which he based his recommendation would not, standing alone, ordinarily warrant equitable tolling. *See*

7

therefore cannot conclude that County Defendants' position is strong enough to suggest the existence of "substantial doubt" as to the soundness of the Court's ruling.

Furthermore, County Defendants already raised this argument in their Objection to Judge Ellis's Report.  *See* Objection.  In adopting Judge Ellis's recommendation, the Court specifically noted—and rejected—County Defendants' position.  *See* Decision at 2-3.  County Defendants cannot simply reassert their previous argument because they disagree with the Court's decision. *See Ralph Oldsmobile Inc.*, 2001 WL 55729, at *4 ("[A] party that offers only arguments rejected on the initial motion does not meet the second requirement of § 1292(b).").

Thus, County Defendants have failed to meet the second statutory prerequisite for certification of an interlocutory appeal.

### C. The Fact That an Interlocutory Appeal Could Advance the Ultimate Termination of the Litigation Is Immaterial Because the Previous Two Prongs of the Statute Are Not Satisfied

"An immediate appeal is considered to advance the ultimate termination of the litigation if that 'appeal promises to advance the time for trial or to shorten the time required for trial.'"  *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998) (quoting 16 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3930, at 432 (2d ed. 1996)).  Even though an appeal in this case does have the potential to yield a reversal, which would result in dismissal of the lawsuit, County Defendants have already failed to satisfy the first two statutory requirements.  Since the statutory criteria are conjunctive, satisfaction of this one prong is insufficient.  *See Gruss*, 2012 WL 3306166, at *1.

Accordingly, the Court finds that County Defendants' request for certification fails to

---

Report at 6, 8-9.  It was, rather, the confluence of those "extraordinary circumstances" that, when taken together, tolled the limitations period here.

meet the stringent "burden of persuading the court . . . that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Prudential Lines, Inc.*, 59 F.3d 327, 332 (2d Cir. 1995) (alteration in original) (quoting *Coopers & Lybrand*, 437 U.S. at 475) (internal quotation marks omitted).

### III. Conclusion

For the foregoing reasons, County Defendants' motion for certification of an interlocutory appeal is DENIED. Moreover, as County Defendants' motion for certification is denied, the Court need not address County Defendants' motion for a stay pending interlocutory appeal, which is DENIED as moot.

The Clerk of the Court is respectfully directed to terminate the motion (Docs. 21, 23). It is SO ORDERED.

Dated:   March 31, 2014
         New York, New York

                                                         _____
                                                         Edgardo Ramos, U.S.D.J.

9